IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. |
| | 1:11-cr-00350-ODE-RGV |
| TERRANCE STEVENSON | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Terrance Stevenson ("defendant") is charged in a three-count indictment with knowingly obstructing, delaying, and affecting commerce by unlawfully taking and obtaining property belonging to a McDonald's restaurant from the restaurant's employee by means of actual and threatened force, violence, and fear of injury, in violation of 18 U.S.C. § 1951(a); knowingly and willfully attempting to take by intimidation, force, and violence United States currency from bank employees at a Bank of America branch, in violation of 18 U.S.C. § 2113(a) and (d); and taking a motor vehicle from the person and presence of another by force, violence, and intimidation, in violation of 18 U.S.C. § 2119.  [Doc. 1].[1]

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

On April 3, 2012, defendant filed under seal a motion requesting a psychiatric examination pursuant to 18 U.S.C. § 4241, [Doc. 36], which the Court granted, and defendant was committed to the custody of a federal correctional institution or comparable medical center to undergo a psychiatric examination to determine if he was competent to stand trial, i.e., to understand the nature of the charges against him and to assist his attorney in the preparation of his defense. [Doc. 39]. On May 31, 2012, the Court received a mental competency report indicating that defendant was presently mentally incompetent to stand trial, and in accordance with 18 U.S.C. § 4241(d)(1), the Court ordered defendant to be committed to the custody of the Attorney General to hospitalize defendant for treatment in a suitable facility for a reasonable period of time to determine whether there was a substantial probability that in the foreseeable future defendant would attain the capacity to permit the proceedings to go forward. [Doc. 44].

On November 26, 2012, the Court received another mental competency report indicating that defendant had made progress with treatment but was not yet competent to stand trial and recommending that defendant's commitment be extended for a reasonable period of time to allow for additional treatment to restore competency. [Doc. 46 at 1]. The parties were provided a copy of the report and agreed with the recommendation for continued treatment of defendant, which the

Court ordered on December 4, 2012. [Id.]. On April 8, 2013, the Court received another mental competency report indicating that defendant had made some progress with treatment but was not yet competent to stand trial and recommending that defendant's commitment be extended for another reasonable period of time to allow for additional treatment to restore competency. [Doc. 52 at 1]. The Court provided copies of the report to counsel for defendant and the prosecutor, and the parties conferred regarding the report and consented to one additional extension for four months of continued treatment of defendant, which the Court ordered on April 30, 2013. [Id.].

On August 16, 2013, the Court received a competency restoration report indicating that, despite extensive and aggressive psychiatric treatment, defendant continued "to present with prominent symptoms of a thought disorder that significantly impair his competency-related abilities," and that there was "no longer a basis to believe that he will become competent in the foreseeable future." [Doc. 60-1 a 11]. After providing a copy of the report to the parties, the Court conducted a competency hearing on September 26, 2013. [Doc. 61]. Defendant and his attorney, as well as the prosecutor, appeared at the competency hearing, and the Court received into evidence the competency restoration report as Government Exhibit 1,

3

under seal.[2] [Doc. 61; Doc. 60-1]. Defendant was offered the opportunity to present evidence, and defendant briefly addressed the Court, but his remarks were largely incoherent as defendant talked about his "camera system" being totally out of control and used by others to manipulate his behavior.

Based on the undisputed evidence presented at the competency hearing, the Court finds that defendant's condition has not so improved as to permit proceedings to go forward, and it is unlikely that competency will be restored. Specifically, defendant has been diagnosed with schizophrenia and has "enduring delusional beliefs" and his ability to "effectively and rationally assist and communicate with his counsel is severely impaired by the symptoms of his mental illness." [Doc. 60-1 at 11]. Although defendant "has exhibited significant attenuation of his psychotic symptoms as a result of psychiatric treatment," and it is recommended that he continue treatment with antipsychotic medication, the continued treatment is not expected to restore competency. [Id.]. Indeed, despite the extended treatment defendant has received, he remains incompetent to stand trial, and there is no basis for believing that he will become competent in the foreseeable future. [Id.].

---

[2] Defendant reserved certain objections to the report for purposes of future proceedings, but did not object to proceeding to the merits of the competency issue based on the report. The objections are not relevant to the determination of competency and need not be addressed at this time.

Accordingly, it is **RECOMMENDED** that the defendant be found to be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and therefore incompetent to stand trial under 18 U.S.C. § 4241, and it is not likely that he will be restored to competency as there is not a substantial probability that he will attain the capacity to permit the proceedings to go forward within an additional reasonable period of time. See 18 U.S.C. § 4241(d)(2). It is further **RECOMMENDED** that defendant be subject to commitment proceedings under 18 U.S.C. § 4246.[3]

**IT IS SO RECOMMENDED**, this 3rd day of October, 2013.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[3] The Warden of the United States Medical Center for Federal Prisoners in Springfield, Missouri, where defendant has been evaluated and treated, indicated in a cover letter with the competency restoration report that a petition for civil commitment under 18 U.S.C. § 4246 would be filed in the Western District of Missouri, but it does not appear that those proceedings have been commenced as defendant was returned to this district for the competency hearing.