

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:11-CR-350-ODE-RGV |
| TERRANCE STEVENSON | |

ORDER

This criminal case is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Russell G. Vineyard [Doc. 62], to which Defendant Terrance Stevenson has filed an objection [Doc. 66]. For the reasons set forth below, the R&R [Doc. 62] is ADOPTED IN ITS ENTIRETY.

Defendant was charged in a three-count indictment with (1) knowingly obstructing, delaying, and affecting commerce by unlawfully taking and obtaining property belonging to a McDonald's restaurant from the restaurant's employee by means of actual and threatened force, violence, and fear of injury, in violation of 18 U.S.C. § 1951(a); (2) knowingly and willfully attempting to take by intimidation, force, and violence United States currency from bank employees at a Bank of America branch, in violation of 18 U.S.C. §§ 2113(a) and (d); and (3) taking a motor vehicle from the person and presence of another by force, violence, and intimidation, in violation of 18 U.S.C. § 2119.

On May 31, 2012, the Court received a mental competency report indicating that Defendant was mentally incompetent to stand trial; thereafter, in accordance with 18 U.S.C. § 4241(d)(1), the Court committed Defendant to the custody of the Attorney General

for treatment in a suitable facility for a reasonable period of time to determine whether there was a substantial probability that Defendant would attain the capacity to permit proceedings to move forward [see Doc. 44].

On November 16, 2012, and again on April 8, 2013, the Court received competency restoration reports indicating that Defendant had made some progress with treatment but was not yet competent to stand trial and recommending that Defendant's commitment be extended [Docs. 46, 52]. The parties consented to the extensions.

On August 16, 2013, the Court received a competency restoration report indicating that, despite extensive and aggressive psychiatric treatment, Defendant continued "to present with prominent symptoms of a thought disorder that significantly impair his competency-related abilities," and that there was "no longer a basis to believe that he will become competent in the foreseeable future" [Doc. 60-1 at 11]. The magistrate judge held a competency hearing on September 26, 2013.

In the R&R, the magistrate judge writes: "Based on the undisputed evidence presented at the competency hearing, the Court finds that [D]efendant's condition has not so improved as to permit proceedings to go forward and it is unlikely that competency will be restored"[1] [Doc. 62 at 4]. Accordingly, the R&R recommends that "[D]efendant be found . . . incompetent to

---

[1] The R&R goes on to explain that Defendant suffers from schizophrenia, endures delusional beliefs, and is not sufficiently able to effectively and rationally assist and communicate with his counsel. The R&R also notes that Defendant briefly addressed the Court during the competency hearing, but his remarks were largely incoherent.

2

stand trial under 18 U.S.C. § 4241." Significant to this Order, the R&R also recommends "that [D]efendant be subject to commitment proceedings under 18 U.S.C. § 4246" [Doc. 62 at 5].

The government has filed no objections to the R&R. Defendant objects only to the magistrate judge's recommendation that commitment proceedings begin under 18 U.S.C. § 4246 because, according to Defendant, "[c]ommitment proceedings can only be instituted by the Bureau of Prisons" [Doc. 66 at 1].

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of the R&R to which a party has timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980). The remainder of the R&R, to which neither party offers specific objections, will be assessed for clear error only. See Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) (Story, J.).

Because there are no objections to the magistrate judge's recommendation that Defendant be found mentally incompetent to stand trial under 18 U.S.C. § 4241, and this Court finds that the recommendation is not clearly erroneous, it is due to be adopted.

The second recommendation--that is, the recommendation "that Defendant be subject to commitment proceedings under 18 U.S.C. § 4246"--has drawn a timely objection from Defendant based solely on the assertion that this Court does not have the authority to institute commitment proceedings because those proceedings can only be instituted by the director of the medical facility where

3

the dangerousness evaluation has been conducted. See 18 U.S.C. § 4246(a).

However, the Court does not read the R&R to recommend that commitment proceedings be instituted by this Court. Rather, the R&R is recommending that commitment proceedings be instituted by the entity that is statutorily authorized to commence those proceedings and in the forum where such proceedings are appropriate. This Court agrees with that recommendation.

Moreover, while the Court recognizes that it has no authority over any civil proceeding in a district other than the instant district, it nevertheless notes that the appropriate district for such proceedings is the Western District of Missouri. Indeed, the Warden of the United States Medical Center for Federal Prisoners in Springfield, Missouri, where Defendant has been evaluated and treated to this point, indicated in a cover letter with the competency report that a petition for civil commitment under 18 U.S.C. § 4246 would be filed in the Western District of Missouri. While there is no indication that such proceedings have commenced, the Court assumes that the delay can be attributed to Defendant's return to this district for the recent competency hearing.

Accordingly, the Court hereby ADOPTS the R&R [Doc. 62] and ORDERS the U.S. Marshal to return Defendant to the facility in Springfield, Missouri for further treatment, evaluation, and the promised institution of commitment proceedings pursuant to 18 U.S.C. § 4246.

SO ORDERED this ___1___ day of April, 2014.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE